IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANTONIUS MARIA HEIJNEN,**

        Petitioner,

v.                                               Civil No. 05-0496 JB/LAM

**UNITED STATES OF AMERICA,**

        Respondent.

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

    1.    **THIS MATTER** is before the Court on Antonius Maria Heijnen's *Application/Petition for Writ of Habeas Corpus and Request for Order for Immediate Release From Custody* (*Doc. 1*) (hereinafter, "*Application*"), filed on May 3, 2005. In response to the *Application*, the United States filed the *Government's Memorandum in Opposition to Application/Petition for Writ of Habeas Corpus and Request for Order of Immediate Release from Custody* (*Doc. 3*) (hereinafter, "*Response to Application*") on May 6, 2005. Mr. Heijnen did not file a reply to the *Response to Application*. Mr. Heijnen is a federal prisoner incarcerated in New Mexico and is proceeding *pro se*. Because he is a *pro se* litigant, Mr. Heijnen's *Application* must be liberally

---

[1]**Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2.	Also before the Court is Mr. Heijnen's *Motion for Recusal of Presiding Judge and Motion to Strike "Answer" Filed by US Attorney's Office of New Mexico on May 6, 2005* (*Doc. 6*) (hereinafter, "*Motion for Recusal and to Strike Answer*"), filed on May 17, 2005, to which the United States filed a response (*Doc. 8*) on May 26, 2005. On June 7, 2005, Mr. Heijnen filed a reply (*Doc. 9*) to the United States' response to the *Motion for Recusal and to Strike Answer*.[2]

3.	Having considered the parties' submissions, relevant law and the record in Mr. Heijnen's criminal case that is pending in this district,[3] the undersigned magistrate judge recommends that Mr. Heijnen's *Application*, and this case, be **DISMISSED WITHOUT PREJUDICE** for the reasons set forth herein. Additionally, the undersigned recommends that Mr. Heijnen's *Motion for Recusal and to Strike Answer* be **DENIED**.

---

[2]On May 17, 2005, Mr. Heijnen filed a similar motion to strike, entitled "Motion to Strike 'Government's Memorandum in Opposition to Application/Petition for Writ of Habeas Corpus and Request for Order of Immediate Release from Custody,'" in his criminal case that is pending in this district. The criminal case is captioned "United States of America v. Antonius Maria Heijnen, et al.," Case No. CR-03-2072 JB, and the motion was docketed in the criminal case as *Document 166*. The motion, which was also docketed in this case as *Document 5* on May 17, 2005, asks the Court to strike from the docket in the criminal case the United States' response to Mr. Heijnen's *Application* for habeas corpus relief. Because the motion seeks to strike *Document 166* from the docket in the criminal case, this motion is for Judge Browning, who is the presiding judge in the criminal case, to decide.

[3]The undersigned takes judicial notice of the record in the criminal case pursuant to Rule 201 of the Federal Rules of Evidence. *See United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (judicial notice is particularly applicable to court's own records of prior litigation closely related to case before it, and courts often take judicial notice of parts of the record in the same proceeding or in a prior stage of the same controversy).

**Procedural Background**

4.      Mr. Heijnen was tried and found guilty in his pending criminal case in this district and the jury's verdict was filed on March 10, 2005.[4] No judgment has been entered in the criminal case and no sentence has been imposed. Since the jury rendered its verdict, Mr. Heijnen has filed three notices of appeal in the criminal case.[5] With respect to the first and second notices of appeal, the United States Court of Appeals for the Tenth Circuit entered an order abating Mr. Heijnen's appeal pending his sentencing in the criminal case.[6] Although the Tenth Circuit has not ruled yet on Mr. Heijnen's third notice of appeal, the undersigned concludes that the filing of the third notice of appeal did not divest the trial court of jurisdiction over the criminal case because the notice sought to appeal the jury's verdict in that case prior to entry of judgment and imposition of sentence when the jury verdict, alone, was not a final decision. *See* 28 U.S.C. § 1291 (federal appellate court only has jurisdiction of appeals from final decisions of district courts); *United States v. Thompson*, 814 F.2d 1472, 1474 (10th Cir. 1987) ("In a criminal case, a decision is not final until both conviction and imposition of sentence.") (citations omitted); *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-341 (10th Cir. 1976) ("If the notice of appeal is deficient by reason of untimeliness, lack of

---

[4]*See* Verdict (*Doc. 138*), filed on March 10, 2005, in Case No. CR-03-2072 JB.

[5]*See* Notice of Appeal (*Doc. 158*) and Notice of Appeal (Doc. 159), both filed on April 21, 2005, and Notice of Appeal (*Doc. 199,*) filed on October 4, 2005. All appeal notices were filed in Case No. CR-03-2072 JB. In the first Notice of Appeal (*Doc. 158*), Mr. Heijnen challenged the legality of a preliminary forfeiture order entered in the criminal case. In the second Notice of Appeal (*Doc. 159*), Mr. Heijnen challenged the trial court's denial of his motion for entry of a judgment of acquittal in the criminal case. In the third Notice of Appeal (*Doc. 199*), Mr. Heijnen challenged his conviction and sentence in the criminal case, although no judgment has been entered and no sentence has been imposed in that case.

[6]*See* Order (*Doc. 196*) (second order in *Document 196*) filed in Case No. CR-03-2072 JB on September 26, 2005.

essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case." ).[7] On May 3, 2005, Mr. Heijnen filed this *Application* seeking federal habeas relief. Thus, Mr. Heijnen's *Application* was filed after the jury found him guilty in the criminal case, but before entry of judgment, sentencing, the processing of his direct appeal, and the filing of a motion for collateral relief under 28 U.S.C. § 2255.

5.   Mr. Heijnen characterizes the *Application* as "an application for a Writ of Habeas Corpus, as guaranteed under the Constitution of the United States for the United States of America," and he states in the *Application* that it "is not a motion under 28 USC 2255."[8]

6.   In the *Application,* Mr. Heijnen challenges the conduct of the trial in the criminal case and the validity of the jury's guilty verdict. Specifically, Mr. Heijnen contends that: (a) the district court lacks jurisdiction over this case and the criminal case because it is not an Article III court and the district judge is not an Article III judge;[9] (b) the criminal case should have been tried under what he describes as the "common law," rather than provisions of the United States Code; (c) the conduct of the criminal trial under provisions of the United States Code violated his federal constitutional right to due process; (d) the United States of America is a separate entity from the United States and the

---

[7]The undersigned concludes that the collateral order doctrine exception to the final judgment rule does not apply to Mr. Heijnen's third notice of appeal because that notice does not involve issues that are effectively unreviewable on appeal from a final judgment. S*ee Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (collateral order doctrine only applicable if matter is "effectively unreviewable on appeal from a final judgment.") (citation omitted). In other words, this prong is satisfied only where the order at issue involves "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *Id.* (citation omitted).

[8]*See Application* (*Doc. 1*) at 1. Mr. Heijnen's characterization of his *Application* is not dispositive on the availability of relief in this Court. *See Roman-Nose v. New Mexico Dep't. of Human Services*, 967 F.2d 435, 437 (10th Cir. 1992).

[9]Both references are to Article III of the United States Constitution.

United States Attorney's Office has no authority to represent the United States of America; and (e) during the criminal trial he should have been allowed to present issues of law to the jury, for its determination, that were previously ruled on by the district judge. *See Application* (*Doc. 1*), at first through fourth pages.

### Habeas Corpus Relief

7. Mr. Heijnen's *Application* for habeas relief is not properly before the Court under either 28 U.S.C. § 2255 or 28 U.S.C. § 2241. The *Application* is a request to review errors allegedly made during proceedings in the criminal case while that case is still pending and prior to the disposition of Mr. Heijnen's direct appeal. The normal procedure for seeking such relief on collateral attack is through a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255, after judgment and sentencing in the criminal case. *See* 28 U.S.C. § 2255 (statute authorizes motion "to vacate, set aside or correct . . . sentence" <u>after</u> entry of judgment and imposition of sentence); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (motion under 28 U.S.C. § 2255 is "primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence"). Moreover, if a direct appeal has been filed in a criminal case, a motion under § 2255 should be considered after disposition of the direct appeal. *See United States v. Scott*, 124 F.3d 1328, 1329 (10th Cir. 1997) (*per curiam*) ("a § 2255 motion should not be considered before the disposition of the direct criminal appeal"); *United States v. Cook*, 997 F.2d 1312, 1319 (10th Cir. 1993) ("[a]bsent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending"); *Rules Governing § 2255 Proceedings for the United States District Courts, Rule 5, Advisory Committee Notes* ("There is no requirement that the movant exhaust his remedies prior to

seeking relief under § 2255. However, the courts have held that [a § 2255] motion is inappropriate if the movant is simultaneously appealing the decision."). Here there has been no judgment entered or sentence imposed in the criminal case and Mr. Heijnen's direct appeal, although abated, has been filed, making a motion for relief under 28 U.S.C. § 2255 premature.

8.      Section 28 U.S.C. § 2241 can be used by a federal prisoner to challenge the legality of a conviction or sentence but only in limited circumstances, and federal habeas relief under § 2241 is not available to Mr. Heijnen under the circumstances of this case. Habeas relief is only authorized under § 2241 if the remedy available under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [a defendant's] detention." 28 U.S.C. § 2255; *see also Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000) ("a section 2241 petition that seeks to challenge a federal sentence or conviction - thereby effectively acting as a section 2255 motion - may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective").[10] Moreover, a petitioner "bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Id.* Here, Mr. Heijnen has made no showing that a properly filed motion under § 2255 will be inadequate or ineffective to test the legality of his detention. Therefore, Mr. Heijnen has not demonstrated that federal habeas relief is available to him under § 2241.

9.      Because Mr. Heijnen's *Application* challenging the proceedings in the criminal case is premature under 28 U.S.C. § 2255, and because he has failed to demonstrate that federal habeas relief is available to him under 28 U.S.C. § 2241, the undersigned recommends that his *Application*

---

[10]*See also Johnson v. J.C. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255.").

be dismissed without prejudice, thereby preserving his right to file a motion under § 2255, or an application for a writ of habeas corpus under § 2241, if it becomes appropriate at a later date.

## Motion for Recusal and to Strike Answer

10. In his *Motion for Recusal and to Strike Answer*, Mr. Heijnen seeks to recuse the district judge assigned to this case and have another judge appointed to decide the case. He also seeks to strike the United States' response to his *Application* for habeas corpus relief. *See Motion for Recusal and to Strike Answer* (*Doc. 6*) at 1.

11. Mr. Heijnen contends that Judge Browning should be recused from this case pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455 because he is the presiding judge in Mr. Heijnen's criminal case and will, therefore, be prejudiced against Mr. Heijnen in this case. Mr. Heijnen also alleges that because his *Application* challenges decisions made by Judge Browning in the criminal case, it is prejudicial to have him decide this case. The statutes cited by Mr. Heijnen provide for the recusal or disqualification of a federal district court judge in cases of prejudice against a party; however, Mr. Heijnen has failed to demonstrate that recusal or disqualification is appropriate under either statute.

12. 28 U.S.C. § 144 requires that a party demanding recusal of a judge submit an affidavit stating the facts and reasons that bias or prejudice exists, accompanied by a certificate of counsel of record stating that the affidavit is made in good faith. The affidavit must be timely, sufficient and made by a party, and it must be accompanied by counsel's certificate of good faith. *See Hinman v. Rogers*, 831 F.2d 937, 938 (10th Cir. 1987) (*per curiam*). Mr. Heijnen has not submitted an affidavit or a certificate of good faith signed by counsel in connection with his motion. He simply filed a motion for recusal, without oath or affirmation. Thus, his motion does not satisfy

the procedural requirements of 28 U.S.C. § 144 and is, therefore, insufficient to support the recusal of Judge Browning under the statute.

13.     Two provisions of 28 U.S.C. § 455 are relevant to Mr. Heijnen's motion: Section 455(a) and Section 455(b)(1).  Section 455(a) requires that a judge disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  The standard for disqualification under Section 455(a) is " 'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.' "  *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) (quoting *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (further quotation omitted).  Section 455(b)(1) requires that a judge disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  The standard for disqualification under Section 455(b)(1) is "whether a reasonable person would be convinced the judge was biased."  *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000) (quoting *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)). Recusal is required under Section 455(b)(1) "only if actual bias or prejudice is proved by compelling evidence."  *Id.*

14.     In this case, Mr. Heijnen alleges, in conclusory fashion, that Judge Browning is prejudiced against him because Judge Browning is presiding over his criminal case and has made rulings adverse to him in the criminal case.  However, prior adverse rulings in the same proceeding, or another proceeding, without more, do not generally warrant disqualification of a judge pursuant to Sections 455(a) or 455(b)(1).  *See United States v. Cooley*, 1 F.3d at 993-994 ("prior rulings in the proceeding, or another proceeding, solely because they were adverse," do not ordinarily satisfy requirements for disqualification under Section 455(a)); *Quarterman v. Crank*,

No. 00-8015, 221 F.3d 1352 (Table), 2000 WL 988312 at **2 (10th Cir. July 6, 2000) (unpublished) (prior adverse rulings in other proceedings not grounds for disqualification under 28 U.S.C. § 455(b)(1)); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible"). Mr. Heijnen's complaint of prejudice against Judge Browning appears to arise solely from the fact that Judge Browning presided over Mr. Heijnen's criminal trial and made rulings adverse to Mr. Heijnen in the criminal case. By themselves, these facts are not sufficient to disqualify Judge Browning from this case. Therefore, Mr. Heijnen's motion fails to set forth facts warranting disqualification of Judge Browning under 28 U.S.C. §§ 455(a) or 455(b)(1).

15.     Mr. Heijnen's *Motion for Recusal and to Strike Answer* seeks to strike the United States' response to his *Application* for habeas corpus relief on the ground that the response was filed by the office of the United States attorney for the District of New Mexico which Mr. Heijnen claims has no authority to represent the United States of America. This argument has no merit. The United States and the United States of America are simply different names for the same entity and the United States attorney for the District of New Mexico has authority to represent the United States in this case pursuant to 28 U.S.C. § 547 (duties of United States attorneys in civil and criminal cases). Mr. Heijnen also objects to the fact that a copy of the United States' response to his

9

*Application* was filed in his criminal case.[11]  Presumably, that filing was done by the Court's docketing clerk on the assumption that the *Application* was a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.  It is the practice in this district to enter documents filed in connection with a motion pursuant to Section 2255 on the criminal docket of the case in which the challenged judgment or sentence was entered and also on a separate civil docket.  Mr. Heijnen has failed to show that he was prejudiced by this duplicate filing, and this duplicate filing does not suffice as a reason to strike the United States' response to the *Application* from the docket in this case.

### RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Mr. Heijnen's *Application/Petition for Writ of Habeas Corpus and Request for Order for Immediate Release From Custody* (*Doc. 1*), and this case, be **DISMISSED WITHOUT PREJUDICE**.  The undersigned further recommends that Mr. Heijnen's *Motion for Recusal of Presiding Judge and Motion to Strike "Answer" Filed by US Attorney's Office of New Mexico on May 6, 2005* (*Doc. 6*) be **DENIED**.

*/s/ Lourdes A. Martínez*
**Lourdes A. Martínez**
**United States Magistrate Judge**

---

[11] The United States' response to Mr. Heijnen's *Application* was filed in the criminal case as *Document 163*.